## THADDEUS SCOTT *versus* GIDEON DICKINSON.

Where in pursuance of the provisions of *St.* 1785, *c.* 52, regulating the erection of
fences, the plaintiff had, in consequence of the neglect of the defendant, erected the
portion of the fence between their lands, which was assigned to the defendant by the
fence viewers, and the fence viewers, afterwards, upon the application of the plain-
tiff, *but without notice to the defendant,* appraised the value of this portion and as-
certained the amount of their fees, it was *held,* in an action brought by the plaintiff
under the statute, to recover double the amount of such valuation, &c., that such
appraisement was void as against the defendant, although the statute does not,
expressly, require notice thereof to be given to the defendant.

It *seems,* that land which has lain in a common field *de facto* for a series of years, can-
not be excluded therefrom merely by an allotment made in pursuance of a vote of
the proprietors of the general field.

It *seems* also, that under *St.* 1785, *c.* 52, the proprietors of a common field, in their
corporate capacity, or as tenants in common, and not the individual proprietors
holding portions of the common field in severalty, are liable, so far as regards the
owner of lands adjoining the common field, to the duty of maintaining the partition
fence between such portions of the common field and such adjoining land.

THIS was an action under *St.* 1785, *c.* 52, for the regula-
tion of fences. From an agreed statement of facts it appear-
ed, that the plaintiff was the owner of a tract of land in Hat-
field, adjoining land of the defendant; that the land of the de-
fendant was a part of a general field; that the " propriety "
of this field was organized in 1769; that for more than forty
years the plaintiff had supported one half of the fence, and in-
dividuals belonging to the propriety, the other half, under al-
lotments by the propriety; that by an allotment made in June,
1831, in pursuance of a vote of the proprietors, the land of the
defendant was excluded from the common field; that in June,
1831, the fence between the lands of the plaintiff and the de-
fendant being in a ruinous state, the plaintiff requested the de-
fendant to construct his part thereof; that the defendant having
refused so to do, the plaintiff made application to the fence
viewers, to view the fence and to direct the defendant to make
his portion of it; that the fence viewers accordingly, after no-
tice to the defendant, viewed the fence, made a division there-
of, and directed the defendant to rebuild the part assigned to
him, within six days; that the plaintiff built the part of the
fence assigned to him, and, the defendant not having complied
with the direction of the fence viewers, proceeded to rebuild

the defendant's part; that the fence viewers, afterwards, upon the application of the plaintiff, *but without notice to the defendant*, appraised the value of the defendant's part of the fence, and ascertained the amount of their fees; that the plaintiff thereupon requested the defendant to settle with him for making the fence, but he refused; that after the expiration of a month from the time of such request, this action was commenced under the provisions of the statute, to recover double the amount of the expenses of making the defendant's part of the fence, and of the fees of the fence viewers, together with interest thereon, at the rate of one per cent. per month.

*Scott v. Dickinson.*

*Billings* for the plaintiff.

*Sept. 28th.*

*Wells* and *Alvord*, for the defendant, as to the point, that the proceedings of the fence viewers in appraising the expense of making the fence, &c., were void, inasmuch as no notice of the time and place where such proceedings were to be had, was given to the defendant, cited *The King* v. *Venables*, 2 Ld. Raym. 1405; *S. C.* Str. 630; *Chase* v. *Hathaway*, 14 Mass. R. 222; *Bouton* v. *Neilson*, 3 Johns. R. 467; *Rathbun* v. *Miller*, 6 Johns. R. 281; *Kinderhook* v. *Claw*, 15 Johns. R. 537; *Farmer* v. *Stewart*, 2 N. Hamp. R. 100; *Starr* v. *Scott*, 8 Connect. R. 483.

The opinion of the Court was afterwards drawn up by

SHAW C. J. The Court are strongly inclined to the opinion, that if the land of Dickinson the defendant, lay in the common field *de facto*, and had done so for a series of years, he taking the benefits and bearing the burdens of a proprietor in such common field, he could not be excluded by a vote of the proprietors; and then by force of the statute for regulating common fields, (*St.* 1735, c. 53,) the proprietors, in their corporate capacity, or as tenants in common, and not the individual freeholder, holding a parcel of such common field in severalty, were to be considered the adjoining proprietors against the plaintiff's land, liable to the duty of making and supporting the partition fence between the plaintiff and the common field. Any other construction would seem to subject the proprietors of lots, in a common field, to unequal burdens and conflicting duties.

But we have not decided the case upon this ground, because

we think there is another exception to the proceedings of the fence viewers, which is conclusive. The *St.* 1785, *c.* 52, § 2, directs, that where a proprietor, on notice, refuses to make his share of a. partition fence, the party aggrieved may apply to two fence viewers,. to divide the fence and fix the time within which it shall be made, and if the delinquent proprietor fails to make his share of the fence within the time ordered, the party aggrieved may make or repair it at his own expense. It then proceeds to enact, that when the same shall be completed and adjudged sufficient by two or more of the fence viewers, and the value thereof, together with the fence viewers' fees, ascertained in writing, the complainant shall have a right to receive double the amount, and if not paid in one calendar month, after demand, shall have an action therefor with interest at one per cent. per month on this double amount. It is found, in the present case, that such an adjudication was made, but it is found that no notice of the time and place of assessing this amount or valuation, was given to the defendant. The statute does not in terms require such a notice, but we think it does by reasonable and necessary implication. As a general rule and principle of justice, whenever persons are appointed to arbitrate and adjudicate upon the rights of others, some notice is to be given, to enable each party to state his claims and views, and adduce pertinent and proper proofs. And there seems to be a peculiar propriety in adhering to this rule, where the full amount of an actual indemnity is to be doubled by way of penalty. Where it is intended by the legislature, that referees, arbitrators, commissioners or other like bodies, appointed to pass judgment upon the rights of others, shall have power to proceed *ex parte*, such an intent should be manifested in express terms, or by necessary implication. It was suggested in argument, that this was analogous to the assessment of damages, after a default, which may be done without notice to the defendant. But the analogy does not hold. A defendant is summoned into court, as well to answer to the cause of action, as to the assessment of damages, and he has an opportunity to do so unless he voluntarily waives it. As no such notice was given, and no opportunity afforded to the defendant, to at

tend this assessment of the cost and expense of the fence, we think that he was not bound by it, and that this action cannot be maintained.